# UNITED STATES COURT OF INTERNATIONAL TRADE

CLEANER'S SUPPLY INC.

Plaintiff,

v.

The UNITED STATES OF AMERICA;
EXECUTIVE OFFICE OF THE PRESIDENT;
OFFICE OF THE U.S. TRADE REPRESENTATIVE;
JAMIESON GREER, IN HIS OFFICIAL CAPACITY
AS U.S. TRADE REPRESENTATIVE;
U.S. CUSTOMS AND BORDER PROTECTION;
RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY
AS COMMISSIONER OF
U.S. CUSTOMS AND BORDER PROTECTION

Defendants.

Court No. 26-3012

## **COMPLAINT**

Plaintiff, CLEANER'S SUPPLY INC. ("Plaintiff") by and through its attorneys alleges and states as follows:

1. This action seeks to enforce the U.S. Court of International Trade's ("CIT") determination that the tariffs imposed under Section 122 of the Trade Act of 1974 (19 U.S.C. § 2132) ("Section 122 Tariffs") through Presidential Proclamation 11012 dated February 20, 2026 (*Imposing a Temporary Import Surcharge To Address Fundamental International Payments Problems*, 91 Fed. Reg. 9339 (Feb. 25, 2026)) were unlawful.

2.      The use of Section 122 under Proclamation 11012 has been held to be invalid by a three-judge panel at the CIT. *See Burlap and Barrel, Inc., et al., v. United States, et al.*, No. 26-01606-3JP, slip. op. 26-47 (Ct. of Int'l Trade May 7, 2026) and its companion case *State of Oregon, et al, v. United States, et al.*, No. 26-01472-3JP (*Burlap and Barrel*).

3.      The *Burlap and Barrel* majority held that the Proclamation's use of trade and current account deficits to stand in the place of balance-of-payment deficits within the meaning of the statute renders the Proclamation *ultra vires*, and as Proclamation No. 11012 is invalid, the Section 122 Tariffs imposed on thereunder are unauthorized by law.

4.      As the court in *Burlap and Barrel* and its companion case *State of Oregon, et al, v. United States, et al.*, limited the application of its decision on summary judgment to named plaintiffs in those cases, citing to *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), Plaintiff here brings this complaint.

## **PARTIES**

5.      Plaintiff, a private corporation located at 1059 Power Road, Conklin, New York 13748-1400, is a domestic New York Corporation formed in 1989, having standing to pursue this action as an importer of record into the United States of certain merchandise upon which Section 122 Tariffs that are the subject of this

2

action were assessed and paid.

6.     Plaintiff imported goods from China, South Korea, Thailand, Vietnam, Taiwan, Japan, India, and Italy, including but not limited to the import entries listed on the attached spreadsheet. *See* Exhibit.

7.     Plaintiff is, therefore, a "person adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

8.     This case is brought to compel the Defendant United States of America to refund monies originally collected beginning on February 24, 2026.

9.     Defendant United States of America is the federal government of the United States of America.

10.     Defendant United States of America received the Section 122 Tariffs and is a statutory  defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

11.     Defendant Executive Office of the President is the federal agency that oversees core functions of the executive branch, including the Office of the United States Trade Representative ("USTR"). It is headquartered in Washington, D.C.

12.     The Office of the USTR is an executive agency of the United States responsible for developing United States trade policy.

13.     Ambassador Jamieson Greer currently holds the position of USTR and serves as  the director of the Office of the USTR.  In these capacities, USTR made numerous decisions regarding Section 122 and the imposition of duties thereunder.

14.    Defendant U.S. Customs & Border Protection ("CBP") is the agency that collects  duties on imports. CBP collected payments made by Plaintiff to account for the tariffs imposed by USTR under Section 122.

15.    Defendant Rodney S. Scott is the current Commissioner of CBP. In this capacity,  he has overseen CBP's collection of duties paid by Plaintiff under Section 122.

16.    The President in invoking the Section 122 authority did so by delegating to the Defendants as necessary.

17.    Defendants are referred to collectively as "Defendant" in this complaint.


## JURISDICTION AND STANDING

18.    The Court has subject matter jurisdiction under 28 U.S.C. § 1581(i) because this action is commenced against the United States and arises out of presidential action imposing tariffs under a law of the United States providing for that measure. 28 U.S.C. § 1581(i)(1)(B); *see Burlap and Barrell*, No. 26-01606-3JP, slip op. 26-47 at 15-16; *see also V.O.S. Selections, Inc. v. Trump,* 149 F.4th 1312, 1329 (Fed. Cir. 2025) (*en banc*) *aff'd Learning Res.*, No. 24-1287 at n.1 (finding 1581(i) jurisdiction based on modifications of the HTSUS).

19.    The Court possesses all the powers in law and equity of, or as conferred by statute upon, a district court of the United States. 28 U.S.C. § 1585. The Court may

4

enter a money judgment for or against the United States in any civil action commenced under 28 U.S.C. § 1581 or 28 U.S.C. § 1582 and may also order any other form of relief that is appropriate in a civil action, including but not limited to declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

20.    Plaintiff has standing to seek the relief it requests because it is an importer of record that paid Section 122 Tariffs to CBP on its entries of imported goods, including but not necessarily limited to those appearing on the attached spreadsheet (*see* Exhibit)  and will continue to import merchandise that, absent injunctive relief, could be subject to Section 122 Tariffs. A favorable decision striking down the Section 122 Tariffs, ordering their refund, and enjoining their future collection will redress specific Plaintiff's actual and imminent economic injuries.

21.    Due process requires that the Defendant refund the Section 122 Tariffs that Plaintiff has deposited and that Defendant has unlawfully collected. *See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 36-39 (1990).

## **TIMELINESS**

22.    Actions brought in this Court under 28 U.S.C. § 1581(i) must be commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

23.    This action was timely commenced within two years of the presidential proclamation implementing the Section 122 Tariffs.

## **BACKGROUND**

24.    Following the Supreme Court's decision in *Learning Res., Inc. v. Trump*, No. 24-1287 at 20, 607 U.S. --- (Feb. 20, 2026) invalidating tariffs imposed under the International Emergency Economic Powers Act, the President issued Proclamation 11012 to impose temporary surcharges of 10 percent *ad valorem* on the alleged basis that fundamental international payment problems existed.

25.    "Balance-of-Payments Authority" in Section 122 of the Trade Act of 1974, Pub. L. No. 93-618, 88 Stat. 1978, 1987–89 (1974), empowers the President of the United States to so act.

26.    Proclamation 11012, however, failed to establish that the conditions contemplated by the Government in 1974 existed on February 20, 2026 using the original language and meaning of the statute.

27.    In *Burlap & Barrel* (Slip. Op. 26-47 dated May 7, 2026) a three-judge panel at the U.S. Court of International Trade, held that the use of Section 122 under Proclamation 11012 was invalid.

28.    The *Burlap and Barrel* majority held that the Proclamation's use of trade and current account deficits to stand in the place of balance-of-payment deficits

6

within the meaning of the statute renders the Proclamation *ultra vires*, and as Proclamation No. 11012 is invalid, the Section 122 Tariffs imposed on thereunder are unauthorized by law.

29.    The CIT in *Burlap and Barrel* limited the application of its decision on summary judgment to named plaintiffs in those cases, citing to *Trump v. CASA, Inc.*, 606 U.S. 831 (2025).

30.    Accordingly, Plaintiff requests that Defendants' actions in assessing and collecting Section 122 Tariffs upon Plaintiff's imports be voided and any and all such duties be refunded to Plaintiff plus statutory interest as provided by law.

## DISCUSSION

### The President's Section 122 Tariffs Exceed His Statutory Authority

31.    Plaintiff incorporates paragraphs 1 through 30 by reference as though set out in full.

32.    Section 122 allows the President to impose special import measures, including tariffs, when fundamental international payment problems exist, for three reasons: (1) "to deal with large and serious United States balance-of-payments deficits;" (2) "to prevent an imminent and significant depreciation of the dollar in foreign exchange markets;" or (3) "to cooperate with other countries in correcting an international balance-of-payments disequilibrium." 19 U.S.C. § 2132(a).

7

33.    Proclamation 11012 does not identify any significant depreciation of the dollar in foreign exchange markets or to cooperate with other countries in correcting an international balance-of-payments disequilibrium. Instead, it simply asserts that the tariffs are justified to deal with large and serious United States balance-of-payments deficits.

34.    But no large and serious balance-of-payments deficit exists in the United States. Indeed, our current economic framework makes it impossible for such a deficit to exist. Instead, the President has attempted to redefine the term balance-of-payments deficit to mean trade deficit.

35.    The existence of trade deficits in goods with some other countries does not qualify as a balance-of-payments deficit, as required by Section 122.

36.    The existence of trade deficits in goods with some other countries is not a fundamental international payments problem, as required by Section 122.

37.    Section 122 does not grant the President power to impose tariffs under these circumstances—it does not mention such a power or imply it. The President's actions exceed the statutory authority Congress granted him.

**Defendant is Unlawfully Refusing to Refund**

**Illegally Exacted Section 122 Tariffs**

38.     Plaintiff incorporates paragraphs 1 through 37 by reference as though set out in full.

39.     Since the CIT's decision in *Burlap and Barrel*, Defendant continues to collect deposits of Section 122 Tariffs on entries of merchandise made on or after February 24, 2026. Defendant also has not refunded all Section 122 Tariffs previously collected.

40.     The CIT concluded that "use of trade and current account deficits to stand in the place of balance-of-payment deficits within the meaning of the statute renders the Proclamation ultra vires." *Burlap and Barrel*, No. 26-01606-3JP, slip op. at 46.

41.     Accordingly, continued retention of Section 122 Tariffs falls outside the President's delegated authority and misconstrues Section 122. *Motions Systems Corp. v. Bush*, 437 F.3d 1356, 1364 (Fed. Cir. 2006) (*en banc*).

42.     Collection of Section 122 Tariffs pursuant to Proclamation 11012 were unlawful. "The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." *United States v. Security Industrial Bank*, 459 U.S. 70, 79 (1982); *see also Kuhn v. Fairmont Coal Co.*, 215 U.S. 349, 372 (1910) (Holmes, J., dissenting). ("Judicial decisions have had retrospective operation for near a thousand years").

43.     The collection of Section 122 Tariffs was void *ab initio* and the Court should order CBP to refund all Section 122 Tariffs collected from Plaintiff with interest as provided by law.

## COUNT I

## LIQUIDATION OR RELIQUIDATION FREE OF SECTION 122 TARIFFS

44.     Plaintiff incorporates paragraphs 1 through 43 by reference as though set out in full.

45.     Defendant's collection and continued retention of Section 122 Tariffs is unlawful because the President exceeded his statutory authority in issuing Proclamation 11012 and imposing Section 122 Tariffs on Plaintiff's entries of merchandise.

46.     Plaintiff respectfully requests that the Court apply its precedent to declare Proclamation 11012 unlawful as to Plaintiff, enjoin Defendant from enforcing them as to Plaintiff, and order liquidation or reliquidation of all of Plaintiff's entries of merchandise for which it has or will in the future pay any Section 122 Tariffs, and refund all Section 122 Tariffs collected from Plaintiff with interest as provided by law.

## COUNT II

## DECLARATORY JUDGMENT

47.     Paragraphs 1 through 46 are incorporated by reference as though set out in full.

48.     The Declaratory Judgment Act authorizes any court of the United States to "declare  the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

49.     This action presents an actual controversy regarding the President's authority to impose tariffs under Section 122 and the authority of Defendant to implement and collect the Section 122 Tariffs through the HTSUS.

50.     Plaintiff has suffered injury in fact because it is an importer of record that paid estimated Section 122 Tariffs on merchandise that it imported and will continue to pay such Section 122 Tariffs on imported merchandise absent judicial relief.

51.     The Court should exercise its equitable authority to issue a declaratory judgment that the imposition of tariffs under Section 122 by Proclamation 11012 is unlawful – because this Court's decision in *Burlap and Barrel* so holds; and because Proclamation 11012 is *ultra vires*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court

(a)    declare that Defendants' actions resulting in Section 122 Tariffs on imported products are unauthorized by, and contrary to, Section 122 of the Trade Act of 1974;

(b)    declare that Proclamation 11012 is *ultra vires* and void *ab initio* with respect to Plaintiff;

(c)    declare that CBP, with respect to Plaintiff, lacks authority to liquidate entries with the assessment of any of the Section 122 Tariffs or to collect any duties set out in the HTSUS that are based on Proclamation 11012;

(d)    order Defendant to reliquidate Plaintiff's entries of imported merchandise subject to Section 122 Tariffs under Proclamation 11012 and refund to Plaintiff all Section 122 Tariffs that it paid pursuant to Proclamation 11012, with all interest as provided by law;

(e)    permanently enjoin Defendant from assessing Section 122 Tariffs on Plaintiff's entries of imported merchandise pursuant to Proclamation 11012;

(f)    award Plaintiff its costs and attorneys' fees; and

(g)    grant Plaintiff such further relief as this Court deems appropriate.

12

Respectfully submitted,

SIMON GLUCK & KANE LLP

By:    /s/Mariana del Rio Kostenwein
       Mariana del Rio Kostenwein
       Christopher M. Kane
       Daniel J. Gluck
       535 Fifth Avenue, Fourth Floor
       New York, New York 10017
       Tel: (212) 775-0055
       mdelrio@customs-law.com

       *Counsel for Plaintiff*

Dated: May 25, 2026

13